**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>James J. Herte,<br><br>      Debtor.<br><br>James J. Herte,<br><br>      Appellant,<br><br>vs.<br><br>Archie C. Rasor, et al.,<br><br>      Appellees. | No.  CV 06-1073-PHX-MHM<br>Bankruptcy no. 2:04-bk-07151-PHX-CGC<br><br>**ORDER** |

Appellant has filed notice of appeal from an order entered in the United States Bankruptcy Court in *In re James J. Herte*, Bankruptcy Case No. 2:04-bk-07151-PHX-CGC. Currently before this Court are the following: Debtor/Appellant's motion for leave to appeal interlocutory order (Doc. 2); and, Appellees' objection to the Debtor/Appellant's motion for leave to appeal interlocutory order (Doc. 4).  This Court has entered a Scheduling Order setting the briefing schedule in this appeal. (Doc. 6). Appellees have filed a motion requesting clarification of the Court's Briefing Order.  (Doc. 12).

Debtor/Appellant has filed an interlocutory appeal from the Bankruptcy Court's "Under Advisement Decision Re: Validity of Judgment and Impairment of Homestead" filed on March 29, 2006 as docket entry no. 61.  In this Order, the Bankruptcy Court ruled that Appellees timely renewed a judgment entered in their favor and against Debtor/Appellant in

1  the Maricopa County Superior Court under the provisions of A.R.S. § 12-1611. The judgment
2  was entered on August 18, 2000 and renewed on August 18, 2005. The Bankruptcy Court
3  ruled that this renewal occurred on the five-year anniversary date and was timely under § 12-
4  1611. In moving for leave to take an interlocutory appeal, Debtor/Appellant contends that the
5  Bankruptcy Court's ruling was in error and that if Appellant is correct, there would be no need
6  for further litigation in the Bankruptcy Court regarding Appellees' claim and the case would
7  become capable of resolution by alternative means.

In their Objection, Appellees contend that the issues the Debtor/Appellant seeks to address on appeal will not materially advance the litigation and lack any controlling question of law as to which there is a substantial ground for difference of opinion. Appellees point out that the issue of the timeliness of the renewal of the judgment was not the only issue before the Bankruptcy Court because the Bankruptcy Court found that a factual issue remained as to the actual value of the property and whether the liens impair Debtor's homestead. Appellees further point out that the Bankruptcy Court did not intend for the Order to be a final order and that granting leave to appeal will likely lead to piecemeal litigation. Appellees argue that the request for leave to appeal filed by Debtor/Appellant fails to satisfy the standards of 28 U.S.C. § 1292(b). Specifically, Appellees contend that the Debtor/Appellant's interpretation of A.R.S. § 12-1611 was rejected as unreasonable and not supported by any case law or reasonable reading of the statute.

Title 28, United States Code, section 158(a), provides as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1221 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;

- 2 -

>and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

An order may be certified for interlocutory appeal if it involves a controlling question of law, there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981).  See  28 U.S.C. § 1292(b).  Section 1292(b) "is to be applied sparingly and only in exceptional circumstances."  United States v. Woodbury, 263 F.2d 784, 799 n. 11 (9th Cir. 1959).  The legislative history indicates that § 1292(b) is reserved for "extraordinary cases where decision of an interlocutory appeal might avoid piecemeal and expensive litigation".  United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  Traditional finality concerns dictate that this Court avoid having a case "make two complete appellate trips through the appellate process."  See, e.g., Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1043 (9th Cir. 1997).

Debtor/Appellant has not shown that there is a substantial ground for a difference of opinion as to the issues that would be raised on appeal.  In the absence of such a showing, the Court is concerned that this case might make two complete appellate trips through the appellate process and therefore add to the expense of litigation and result in a waste of judicial resources.  The motion of Debtor/Appellant for leave to appeal interlocutory order (Doc. 2) is denied.  The Briefing Schedule is hereby vacated.

**Accordingly**,

**IT IS ORDERED** that the Motion for Leave to Appeal Interlocutory Order (Doc. 2) filed by Debtor/Appellant is denied.

**IT IS FURTHER ORDERED** vacating the Briefing Schedule set in the Scheduling Order (Doc. 6).

- 3 -

**IT IS FURTHER ORDERED** that the Request for Clarification of Court's Briefing Order (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** that this action is dismissed.

DATED this 4th day of August, 2006.

_____
Mary H. Murguia
United States District Judge

- 4 -